JOHN P. DUFF AND WIFE *v.* LEE SNIDER.

1. AMENDMENT. *Changing mechanic's lien into assumpsit.*
A proceeding to enforce a mechanic's lien on a house and land may be amended by converting it into assumpsit for the price of the house and for work done and materials furnished. By § 621 Code 1871, amendments in the form of action at any time before verdict, so as to bring the merits of the controversy fairly to trial, are expressly authorized.

2. SUPREME COURT. *Practice. Who may assign error.*
The Supreme Court cannot pass on rulings against a defendant in error.

3. STATUTE OF FRAUDS. *Contract to be performed within a year.*
Upon the question whether, where goods are delivered or labor performed upon a longer credit than a year, suit can be maintained upon a verbal contract for the price, the authorities are conflicting. But it is a mere question of pleading, and the right to recover in *indebitatus assumpsit* is clear.

4. SAME. *Presumption as to time of performance.*
Where no time of performance is fixed, the contract will never be presumed to be within the Statute of Frauds.

5. CONTRACT. *Consideration. License to tenant to build.*
A promise to a tenant, by the owner of land, to pay for a house which the former has built thereon, under a verbal contract with the latter for a longer credit than a year, is not *nudum pactum*. The original contract, though incapable of supporting an action, was good as a parol

license to the tenant to build; and the owner of the soil having permitted the erection of the building, it could have been removed by the tenant during the term. This supports the subsequent promise to pay for the house, which justifies a recovery for its value at the time of said promise.

6. JUDGE.  *Disputes about the testimony.*

It is not within the province of the judge to settle disputes about the testimony, nor to lend to either side the sanction of his concurrence before the jury, who alone must determine what the testimony was. The utmost power of the judge, when a difference arises, is to recall the witness; and even this power should be sparingly exercised.

7. SUPREME COURT.  *Practice.  Immaterial errors.*

Where the merits of the defence have been fully presented in the charges given for the defendant, and the law correctly announced in the plaintiff's instructions, a verdict for the plaintiff, which is manifestly right, will not be disturbed, because the judge improperly stated that the view of the plaintiff's counsel respecting a dispute as to what a witness testified was correct, and gave for the plaintiff an instruction unsupported by any facts in evidence.

ERROR to the Circuit Court of Union County.

Hon. J. W. C. WATSON, Judge.

The following charges were given for the plaintiff : —

" 1. If the jury believe from the evidence that the material was furnished and the work and labor were done in and about the building, and the house was built, and that the defendant Elizabeth Duff, or her husband with the consent of said Elizabeth, agreed to pay the plaintiff for the building of said house, in the latter part of the year 1873, or in the first part of the year 1874, or at any subsequent time, and prior to the institution of this suit, although the original contract under which said house was built was void, — they will find for the plaintiff, not what said house cost, but what said house was reasonably worth, at the time of said promise, as shown by the evidence."

" 2. If the jury believe from the evidence that the material was furnished and work and labor done in and about the building of the house by the plaintiff, at the instance or request of the defendant Elizabeth Duff, or her husband with her consent, and that said house was built in the latter part of the year 1873, or in the first part of the year 1874, and at

that time was accepted either by the defendant Elizabeth Duff, or her husband John P. Duff for her and with her consent, and was built upon and was an improvement on the defendant Elizabeth Duff's separate estate, — then the plaintiff's claim is not barred by the Statute of Limitations."

For the defendants, the court instructed the jury that they could not find for the plaintiff upon any promise to pay for work and materials by which the date of payment was fixed at more than one year from the time of the promise, although the plaintiff performed the work and furnished the materials in pursuance of such promise ; that they must find for the defendants, unless the evidence established a promise by which Elizabeth Duff, or her husband with her consent, undertook to pay the plaintiff for work done and materials furnished for the use, benefit or improvement of her separate estate; and that they could not find for the plaintiff on the ground of a preponderance of evidence, nor any amount of preponderance, unless the evidence in the case was sufficient to prove the truth of all the facts on which the plaintiff's right to recover depended, to their satisfaction.   But the court refused certain additional charges which sought to announce to the jury that if they believed, from the evidence, the house in controversy was not to be the defendants' until they paid for it, and that they had not paid for it, they should find for the defendants ; that they could not find for the plaintiff in this action upon any contract by which Elizabeth Duff, or her husband, agreed to purchase the house or pay for it at its value ; that the conversion of the house by the defendants, or either of them, to the use of Elizabeth Duff did not raise an implied contract against her to pay for work and labor done and materials used in erecting it ; and that a promise or agreement to purchase a house, at a price to be fixed by the value of the work and labor done and materials furnished in its erection, is not such a promise or agreement as will justify a verdict for the plaintiff.   A further charge, upon the Statute of Frauds, was asked and refused; but a substitute was given which announced the same principle of law, in language more favorable to the defendants.

*Manning & Watson*, for the plaintiffs in error.

1. Our statute does not authorize an amendment, by which a suit *in rem* can be changed into an action *in personam. Hursey* v. *Hassam*, 45 Miss. 133 ; *Randolph* v. *Leary*, 3 E. D. Smith, 637 ; *Conkright* v. *Thomson*, 1 E. D. Smith, 661; *Grant* v. *Vandercook*, 57 Barb. 165 ; *Doellner* v. *Rogers*, 16 Mo. 340 ; *Sinclair* v. *Fitch*, 3 E. D. Smith, 677 ; *Hammond* v. *Bush*, 8 Abb. Pr. 152.

2. The contract to pay for the house, entered into Jan. 3, 1872, and to be performed Jan. 1, 1875, was void, because in violation of the Statute of Frauds. *Lower* v. *Winters*, 7 Cowen, 263 ; *Lapham* v. *Whipple*, 8 Met. (Mass.) 59 ; 6 B. Mon. 17 ; 19 Pick. 365 ; *Halloway* v. *Hampton*, 4 B. Mon. 415 ; *Drummond* v. *Burrell*, 13 Wend. 307 ; 11 East, 142 ; *Cabot* v. *Haskins*, 3 Pick. 83.

No exceptions are engrafted on the Statute of Frauds in this State.   42 Miss. 724 ; 13 S. & M. 93 ; 9 S. & M. 210.

3. There was no special count.   If any testimony had been offered to support a special contract, it would have been excluded.   Code 1871, § 624.   The question is, Was the testimony competent to support the count in *quantum meruit* for work and labor done and materials furnished?   The learned counsel then reviewed the plaintiff's testimony, insisting that it was all incompetent under the common count.

4. The action of the court, in deciding for the jury the dispute between counsel as to what the witness had testified, was of itself enough to reverse the case.   The court cannot give oral instructions even upon questions of law: how much more flagrant is the assumption of authority, when the province of the jury is invaded ?

5. The first instruction for the plaintiff assumes that there was testimony which would warrant the jury in finding that in 1873 or 1874 the defendant Elizabeth Duff, or her husband with her consent, promised to pay the plaintiff for building the house.   The only promise of which there was any evidence was to buy the house, which was incompetent under the pleading.   The instruction was therefore inapplicable to the facts, and erroneous. *Fairly* v. *Fairly*, 38 Miss. 280 ; *Dennis* v. *M'Laurin*, 31 Miss. 606 ; *Payne* v. *Green*, 10 S. & M. 507.

Again, the promise is necessarily void : if made in 1873 to pay in 1875, it is void by the Statute of Frauds, as a verbal contract not to be performed within a year ; if made within the year, the house at the time was completed, and, being affixed to the land, belonged to Mrs. Duff, and the contract was *nudum pactum.* A promise to pay for your own is without consideration. 7 How. (Miss.) 421. If the house was still Snider's, and he had the right to remove it as personal property, then the sale was void, because there was no money paid, possession was not given, and there was no note or memorandum in writing, as required by the Statute of Frauds.

The instruction was further erroneous in directing the jury to find the value of the house when the purchase was effected, under a count for work and labor done and materials furnished. *Atkinson* v. *Bell*, 10 B. & C. 277.

6. The second instruction for the plaintiff was entirely inapplicable to the facts. There was no testimony that the house was built in 1873 or 1874. All the witnesses agreed that it was in 1872. There was no pretence that the defendants ever occupied the house. And the proof did not tend to show any request by Duff and wife, or either, to the plaintiff to build it. The statute ran as to each item from its date in 1872. The statute ran until the amendment in August, 1876. All the items were barred. *Crofford* v. *Cothran*, 2 Sneed (Tenn.), 492; *Sicard* v. *Davis*, 6 Pet. 124, 139; *Wilkes* v. *Elliot*, 5 Cranch C. C. 611; *Miller* v. *McIntire*, 1 McLean, 85; *Schnertzel* v. *Purcell*, 1 Cranch C. C. 246; *Cogdell* v. *Exum*, 69 N. C. 464. This suit was commenced Jan. 15, 1875. The bar was complete. Code 1871, § 2164.

7. The learned counsel then reviewed the charges asked for the defendants and refused ; insisting that their refusal was such error as would cause the reversal of the case. While this court will not reverse where, from all the testimony, it appears that justice has been done, yet, in a case of such conflict of evidence as this, it is not possible to say that a correct result has been reached, nor to estimate what influence any error may have had upon the verdict.

*M. Green*, for the defendant in error.

1. It was not error to allow an amendment so as to change

the form of action. Such discretion is vested in the court by § 621 Code 1871.

2. Nor to refuse to exclude the evidence complained of; for all evidence was to be admitted *by agreement*, subject to control by the instructions of the court.

3. Nor for the judge to settle the dispute of counsel as to what a witness had said. The remark was addressed to counsel, and not to the jury; and could have had no effect on the jury, whose opportunity to know the evidence was as good as that of the judge: at most, it was immaterial.

4. The verdict is manifestly right; for the agreement was made by Duff, with the consent of his wife, for the building; and, after it was nearly completed, his wife ratified the agreement, accepted the building, and promised to pay for it. She received the benefit of this building in her separate estate, has never paid for it, and seeks now to avoid payment by technicalities. Two verdicts have been found for the defendant in error; and the court will not disturb this one, unless manifestly wrong. When the verdict is right, errors in instructions are not ground for reversal. *New Orleans Railroad* v. *Burke*, 53 Miss. 200.

5. The instructions for the plaintiff were correct as expositions of the construction of the Statute of Frauds; for parol agreements are not absolutely void by the Statute of Frauds, but only voidable. 8 S. & M. 328; 9 S. & M. 207. Hence a subsequent promise based on an agreement, voidable under the statute at the election of either party, is good; for by the promise a waiver of the right to avoid is effected.

6. But the Statute of Frauds does not apply to this contract; for *no time* was fixed for the completion of the building, and the contract was of such a nature as could have been completed within a year. Browne on the Statute of Frauds, §§ 278, 279.

The fact of deferred payment for the building cannot bring the contract within the statute. The contract to build is quite a different one from the contract to pay: the latter may be extended to any length of time without affecting the former. For this reason it was improper to give any instructions on this point; but of this the plaintiffs in error cannot complain.

CHALMERS, J., delivered the opinion of the court.

The defendant in error, Snider (plaintiff below), having leased a tract of land from Mrs. Duff for four years, contracted with her to erect a house thereon, to be used and occupied by him during the term, and to be paid for by her at its expiration, at a valuation to be affixed by a disinterested party. The building of the house and the payment therefor had nothing to do with the rent of the land, which was fixed at a price per acre, to be paid by the tenant in money. The house was built in the spring of 1872, shortly after the making of the contract. Snider occupied it during his lease, which expired Jan. 1, 1875; paying his rents in full. Mrs. Duff refusing to pay for the house, he instituted a proceeding on Jan. 15, 1875, to enforce a mechanic's lien for the amount due; but afterwards, conceiving that this remedy was either barred or misconceived, he sought and obtained leave to amend his action, by filing a declaration in assumpsit containing counts for the price of the house, and for work and labor and materials furnished. The action of the court in allowing this amendment is the first error assigned.

There was no error in this. By § 621 of Code, amendments "in the form of action," at any time before verdict, "so as to bring the merits of the controversy between the parties fairly to trial," are expressly authorized.

Upon motion, all the testimony in relation to the contract for building and paying for the house was excluded, upon the ground that, inasmuch as the agreement was verbal, and contemplated a payment to be made more than twelve months after its date, it was void under the Statute of Frauds. The plaintiff below excepted to this ruling; but, as he ultimately obtained a verdict on other grounds, and therefore took no appeal, we are precluded from passing on its correctness.

We will remark that a doctrine has grown up in England since the decision in the case of *Donellan* v. *Read* (in 1832), 3 B. & Ad. 899, and has been extensively followed in this country, that, where the thing to be done is to be completed and actually is completed within a year, a suit may be maintained upon the contract for the price agreed to be paid, though by the terms of the agreement payment was deferred

beyond twelve months; or, in other words, that, where goods are delivered or labor performed upon a longer credit than twelve months, suit may be maintained upon the contract for the price. Many other courts, however, of high repute, notably in New York and Vermont (*Broadwell* v. *Getman*, 2 Denio, 87, and *Pierce* v. *Paine*, 28 Vt. 34), have repudiated this doctrine, and have declared that the test must be whether the defendant in the action obligated himself to perform his portion of the agreement within a year; and that the contract to pay must stand upon the same footing in this respect as the contract to render service or deliver goods. The learned judge below seems to have adopted the latter view; and, while we are not required by the record to pass upon his ruling, we will remark, that ordinarily the question would seem only to be of practical value as one of pleading, since all the authorities agree that, where the consideration has been received, there may be a recovery of the price under the common counts. Mr. Browne says, " In such cases it is a mere point of form in bringing the action, the plaintiff's right to recover on the *indebitatus assumpsit* (which count is uniformly found to have been inserted in the declaration) being clear." Browne on the Statute of Frauds, § 290.

In the notes to the case of *Peter* v. *Compton*, in 1 Smith's Lead. Cas. 438, it is said to be universally conceded that no one can receive or enjoy the goods or services of another, and then rely upon the Statute of Frauds as an excuse for not paying for them; and that the weight of authority seems to be, that the recovery in such cases must be according to the terms of the contract, and not merely for what the consideration would have been reasonably worth, if estimated at its market value, without reference to the price set upon it by the parties.

It is unnecessary to decide whether this principle would justify a recovery of the price of a house built upon another's land, under a void contract, without proof of a taking possession or use of the house by the land-owner (which this record leaves doubtful); because the verdict and judgment here are sustained by other proof in the record. It was proved that, in 1873–74, when Snider was about to make some additions to

the house, Mrs. Duff told him that she was afraid that he was going to make the house too costly ; but that, if he would do nothing further, she would pay for it ; and Snider thereupon forebore to make the additions. There was no time fixed by this agreement for making the payment ; and it is well settled that, when no time of performance is fixed, the contract will never be presumed to be in violation of the Statute of Frauds. It is argued that this agreement to pay was a nude pact, and therefore void ; because the house, already affixed to the soil under the void contract, had become the property of the landowner, and the promise to pay for it was without consideration. This is erroneous. Conceding that the original contract was incapable of supporting an action, it was nevertheless good as a parol license to the tenant to build ; and, wherever the owner of the soil has given permission to the tenant to erect buildings, they may be removed during the term. *Stillman* v. *Hamer*, 7 How. (Miss.) 421.

Nor was this agreement to pay barred by the Statute of Limitations, as argued by counsel for the appellants, whether we regard it as an express contract and governed by the six years' statute, or as an open account and barred in three. § 2151 Code 1871. There was no error, therefore, in giving the first instruction for the plaintiff. The second instruction seems unsupported by any facts in evidence, but could not have affected the result, which was justified by the proof, and the law announced in the first. There was no error, under the facts proved, in refusing the charges asked by Mrs. Duff, which were refused. Those given for her fully presented to the jury the merits of her defence.

During the argument of the cause before the jury, a dispute arose between counsel as to a statement made by a witness, when the circuit judge from the bench declared that the view of the testimony contended for by counsel for the plaintiff was correct. Exception was taken to this remark, and it is assigned for error here. It is not within the province of the judge to settle disputes about the testimony, nor to lend to either side the sanction of his concurrence before the jury. The jury alone must determine what was the testimony ; and the utmost power of the judge, when a difference arises, is to

recall the witness. Even this power should be sparingly exercised.

The verdict in this case being manifestly right, we will not reverse it.                              *Judgment affirmed.*