Giddings v. The Phœnix Insurance Company.

GIDDINGS, *Plaintiff in Error*, v. THE PHŒNIX IN-
SURANCE COMPANY.

1.  **Contract of Insurance, Terms and Renewal of**: LIABILITY
    OF INSURER.  All negotiations as to the terms of a contract of in-
    surance of property, and the renewal of the same, had or made
    before or at the time of the issuing of the policy, must be consid-
    ered as merged in the written policy.  And unless the insurer
    renews the policy at the time of its expiration, or within one year
    before it ; or after its expiration and before the loss agreed with
    the insured to renew it, it is not liable for the loss, and the ques-
    tion, whether or not such agreement was made, is one for the jury.

2.  **Practice in Supreme Court**: ADMISSION OF IMPROPER EVI-
    DENCE.  Where it is not alleged in the motion ' for new trial that
    the court admitted improper evidence, the objection will not be
    considered in the Supreme Court.

*Error to Andrew Circuit Court.*—HON. H. S. KELLEY,
Judge.

AFFIRMED.

*C. F. Booher* and *I. R. Williams* for plaintiff in
error.

Defendant's agent, Bryan, at the time he delivered
to plaintiff the policy of insurance, and at each subse-
quent payment of the premium by plaintiff, agreed by
parol with plaintiff that his policy should not expire,
but that said agent should keep the same renewed from
year to year, which agreement was not within the statute
of frauds, but binding on defendant, and should have been
submitted for the decision of the jury. *Barbie v. Ins.*
*Co.*, 2 Dill. 156 ; *Walker v. Ins. Co.*, 56 Me. 471 ;
*Trustees v. Ins. Co.*, 19 N. Y. [5 Smith] 308 ; *Sanborn*
*v. Ins. Co.*, 16 Gray [Mass.] 448 ; *Fish v. Cottenette*, 5
Hand [Ohio] 538 ; *Ins. Co. v. Ins. Co.*, 7 Bush [Ky] 81 ;

*Trustees v. Ins. Co.*, 18 Barb. 69 ; *Angell v. Ins. Co.*, 59 Barb. 171. The agreement for the renewal of the policy, as in this case, after its delivery to the plaintiff, may be by parol, and waive payment of premiums in cash, substituting a promise to pay on demand, or at a future day, or at convenience of the agent, or he may himself agree to be responsible for the money to the company for the premium. *Bodine v. Ins. Co.*, 51 N. Y. 117 ; *Post v. Ins. Co.*, 43 Barb. 351 ; *Franklin Ins. Co. v. Massey*, 33 Pa. 221 ; *Sheldon v. Ins. Co.*, 25 Conn. 207 ; May on Insurance [2 Ed.] sec. 134, note 4 ; sec. 56, note 1. Payment of premium, or even tender, is not necessary, when the defendant has already declared the policy forfeited, or done any other act which is tantamount to a declaration on its part that it will not be received if tendered. *Pilcher v. Ins. Co.*, La. 10 ; *Haynor v. Ins. Co.*, 69 N. Y. 435. The question of the agent's renewal of the policy should have been submitted to the jury, and if he induced plaintiff to believe he had renewed it, defendant is liable the same as if it had been renewed. *Georgia Home Ins. Co. v. Kennier*, 28 Gratt. [Va.] 88 ; *Filus v. Glensfalls Ins. Co.*, 81 N. Y. 410 ; *Penn. Fire Ins. Co. v. Kittle*, 39 Mich. 51 ; *Phœnix Ins. Co. v. Stevenson* [Ky.] 8 Ins. L. I. 922 ; *Leslie v. Knickerbocker Ins. Co.*, T. & C. [N. Y.] 143 ; *Bachelor v. People's Ins. Co.*, 40 Conn. 56 ; *Dezell v. O'Dell*, 3 Hill, 225 ; *Gregg v. Wells*, 10 A. & E. 90 ; *Coles v. Bank of England*, 10 A. & E. 437 ; *Sandys v. Hodgson*, 10 A. & E. 472 ; *Welland Canal v. Hathoway*, 8 Wend. [N. Y.] 480 ; *Stevens v. Baird*, 9 Cow. [N. Y.] 274 ; 2 Smith's Lead. Cas. 458, 467. The defendant's agent failing to issue a renewal certificate, for the year ending February 8, 1882, cannot visit upon plaintiff the judicial results arising solely out of his non-performance of agreement with plaintiff. *Eureka Ins. Co. v. Robinson*, 56 Pa. St. 256 ; 73 Mo. 385. A verbal contract to insure having

been made, courts will enforce such preliminary contract after a loss has occurred. 73 Mo. 384; May's Ins. [2 Ed.] sec. 565. Defendant cannot set up its own neglect to do that which it alone could do, and has no reasonable excuse for not doing, as a defence against liability. *Farmers' Ins. Co. v. Wenger* [Pa.] 8 Ins. L. I. 712. It makes no difference in the operation of this rule whether the thing stated was true or not, it being the part that the thing stated was acted upon to the prejudice of the party; that makes it conclusive. May's Ins. [2 Ed.[ sec. 502. Courts of law have introduced the doctrine of estoppels *in pais.* The principle is, that when one party has, by his misrepresentation or his conduct, induced the other party to a transaction· to give him an advantage which would be against equity and conscience for him to assert, courts of justice will not permit him to avail himself of that advantage which, if allowed, would defeat the ends of justice, to establish a dishonest defence or claim. *Pickard v. Sears,* 6 A. & E. 469; *Plumb v. Cattaraugas Ins. Co.,* 18 N. Y. 392; *Rowley v. Empire Ins. Co.,* 36 N. Y. 550; *Woodbury Savings Bank v. Charter Oak Ins. Co.,* 31 Conn. 526; *North Am. Fire Ins. Co. v. Throop,* 22 Mich. 146; *Michigan St. Ins. Co. v. Lewis,* 30 Mich. 40; *Ætna Live Stock and Towanda Ins. Co. v. Olmstead,* 21 Mich. 246; *Miller v. Mut. Ben. Life Ins. Co.,* 31 Iowa, 216; *McBride v. Republic Fire Ins. Co.,* 30 Wis. 62. The rule seems less strict in cases of other contracts. *Corn foot v. Fawke,* 18 L. I. N. Y. [Exch.] 297. Estoppel takes place as well upon the acts and omissions of agents, as upon those of the principal. Defendant is liable for the negligence. *Watken v. Farmers' Ins. Co.,* 51 Iowa, 679; *Natl. Life Ins. Co. v. Minch,* 53 N. Y. 144; *Christie v. North British Ass'n Co.,* 3 Ct. of Sess. Cir.; Scotch, 360. The evidence admitted by the court, on the part of defendant, objected to by plaintiff, was erroneously admitted and prejudiced the jury; also.

permitted by the court, the defendant's attorneys to comment upon said evidence before the jury *Dayton Ins. Co. v. Kelley*, 24 Ohio St. 345; May's Ins. [2 Ed.] note 2, sec. 15; *Walker v. Mut. Ins. Co.*, 56 Me. 371; *Kelley v. Conn. Ins. Co.*, 10 Bosw. [N. Y. Supreme Court] 82; *Ellis v. Albany City Fire Ins. Co.*, 4 Laws [N. Y.] 433.

*Pembroke Mercer* for defendant in error.

Plaintiff argues that the agent's agreement to keep the property insured is not within the statute of frauds, and is no part of the contract of insurance, and is, therefore, not merged in the written policy. These two propositions are inconsistent and contradictory to each other, as the agreement to renew the policy of insurance, standing by itself, and not a part of the contract of insurance, is plainly within the statute of frauds, but if we can imagine both propositions correct, it would still be of no avail to plaintiff, and no cause for reversal of the judgment in this cause, because plaintiff could not be injured thereby (*Filley v. McHenry*, 84 Mo. 277; *Nance v. Metcalf*, 19 Mo. App. 183; 72 Mo. 583; *Noble v. Blount*, 77 Mo. 235), because no view of this agreement, if it were ever made, can make it the basis of a cause of action against defendant. First, because it was abandoned by the parties in the first year, and the policy was not renewed at the end of the year, nor at any time thereafter, only by request of the plaintiff. Second, if it was not a part of the contract of insurance entered into by the defendant company, it was not the contract of the company, but George T. Bryan was acting as agent of the plaintiff, as he might, in different stages of the negotiation (May on Ins. [2 Ed.] sec. 500; *Mut. Ins. Co. v. Wilkerson*, 13 Wall. [U. S.] 222; *Tasker v. Kenton Ins. Co.*, 58 N. H. 459; *Sargent v. Natl. Fire Ins. Co.*, New York Court of Appeals [10.

Ins. Law Journal] 852; *Hartford Fire Ins. Co. v. Reynolds*, 7 Ins. Law Journal 214), and plaintiff's evidence is conclusive that in the matter of this alleged agreement Bryan was acting for him, and that it was a mere personal matter between plaintiff and the agent, and does not in any respect bind the company. Third, because there never was a completed contract between plaintiff and defendant's agent. A contract of insurance, in order to be binding upon the parties, must be completed in all essential particulars, and must be *in praesenti*. There is no analogy between this case and the case of *Baile v. St. Joseph Fire and Marine Ins. Co.*, 73 Mo. 373, relied on by plaintiff. In that case there was a verbal contract *in praesenti* between plaintiff and defendant's agent, complete in all essential particulars. *Taylor v. Ins. Co.*, Supreme Court of Wisconsin, 1871.

NORTON, J.—This is an action to recover three hundred and fifty dollars for the loss of a house by fire alleged to have been insured by defendant. It is substantially alleged in the petition that defendant by its agent, Bryan, issued its policy to plaintiff, dated December 8, 1877, insuring said house for the period of one year; that, on the eighth of February, 1879, said policy was continued by renewal for one year, and in 1880 for one year more; "that it was agreed between plaintiff and Bryan, defendant's agent, that said policy should not expire; that said Bryan should keep the same continued by renewal from year to year, and also agreed that plaintiff should have time to pay premiums, and pay the same at his convenience; that plaintiff was informed by defendant's agent that his policy, commencing in 1881, for one year, had been renewed, and that it would not affect his policy if certificates of renewal were not delivered before any accident by the burning of the property insured; that on the nineteenth of September,

1881, the house was destroyed by fire, of which due notice was given, but defendant refused to adjust and pay the loss."

Defendant in its answer, after denying the averments of the petition, sets up that the policy mentioned in the petition expired on the eighth of February, 1881, and that plaintiff neither made, nor attempted to make, any contract or agreement whatever for the renewal of said policy on the said eighth of February, or at any other time, and that plaintiff has not at any time paid or offered to pay any money for the renewal of said policy ; that the policy specifies that it can only be renewed by payment of the premium, and that the plaintiff was informed by defendant's agent that he was not authorized to renew said policy without the payment of the premium therefor on such renewal.

On the trial judgment was rendered in favor of the defendant, from which the plaintiff has appealed, and assigns for error the action of the court in giving and refusing instructions. It is sufficient to say of the instructions that were given, that it clearly appears from them that the court tried the case on the theory that all contracts and negotiations between plaintiff and defendant's agent as to the terms and contract of insurance of the property in question, and the renewal thereof, had or made before or at the time of the issuing of the policy, must be considered as merged in the written policy, and that unless defendant did by its agent renew said policy, and thus continue it in force till the eighth of February, 1881, and did by its agent, within one year before the eighth of February, 1881, or after that time and before the loss occurred, agree with plaintiff to renew said policy for another year from the eighth of February, 1881, the jury should find for the defendant ; and that if they believed that such agreement as above set forth was made they should find for the plaintiff. The instructions that were given embraced this theory

of the case, and the question as to whether or not such agreement upon which plaintiff's right to recover was based was fairly submitted to the jury. The evidence on this question was conflicting, and whether it preponderated for or against the plaintiff was for the jury, and not for us, to decide.

We have been cited to a large number of authorities by counsel on both sides, and without entering into a critical analysis of them it is sufficient to say that many of them have no application to the case at bar, and those of them that are applicable sustain the theory on which the case was tried. The point made, that the court admitted improper evidence, cannot be considered, because in the motion for new trial no such ground was assigned as a reason for granting the motion.

Judgment affirmed, in which all concur.