THE CITY OF ST. LOUIS, *Appellant*, v. SIEFERER *et al.*

Division One, October 31, 1892.

1. **Practice, Appellate**: EVIDENCE: MOTION FOR NEW TRIAL. Where the only assigned errors relate to the exclusion of material parts of plaintiff's evidence at the trial, and that point was not made a ground of the motion for new trial, it cannot be taken advantage of upon appeal.

2. ———: MATTERS OF REVIEW. The supreme court only reviews such matters of exception as have been expressly passed upon by the trial court.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

THE grounds of the motion for new trial, mentioned in the opinion, are thus stated in the motion:

"*First.* The court erred in admitting improper and illegal evidence offered by defendant.

"*Second.* The court erred in giving improper and illegal instructions asked by defendant.

"*Third.* The finding and judgment are against the evidence and weight of evidence.

"*Fourth.* The finding and judgment are against the law.

"*Fifth.* The finding and judgment are against the law and the evidence, and against the law under the evidence.

"*Sixth.* The finding and judgment were for the defendant when they should have been for the plaintiff.''

*W. C. Marshall* for appellant.

(1) The circuit court committed error in excluding the notice published by the city counselor. (2) The court also erred in excluding the tax bill. *Haywood v. Russell*, 44 App. 252; *State v. Green*, 66 Mo. 631; *Reynolds v. Railroad*, 64 Mo. 71; *Patrick v. Faulke*, 45 Mo. 312; *Beaudean v. Cape Girardeau*, 71 Mo. 397; *Hodgson v. Banking House*, 9 Mo. App. 24; *Semple v. Thomas*, 10 Mo. App. 457; *Hahn v. Dierks*, 37 Mo. 574. (3) The circuit court erred in giving the instruction that the plaintiff was not entitled to recover.

*H. A. Loevy* for respondents.

(1) The judgment cannot be reviewed because appellant's motion for new trial does not allege as error that the trial court excluded evidence offered by appellant, which is virtually the only error assigned by Mr. Marshall. Revised Statutes, 1889, sec. 3557; McQuillan's Digest, 469, sec. 464; 460, sec. 487; *St. Louis v. Brewing Co.*, 96 Mo. 678, a parallel case. (2) The bill of exceptions does not show that it contains all the evidence; the appellate court cannot in such case review the judgment. *State v. Fritterer*, 65 Mo. 422; *State v. Clarkson*, 96 Mo. 364. (3) The bill of exceptions does not show the basis of respondents' objection to this tax bill, so that this court cannot pass upon the trial court's ruling, and will presume it was right. *Cockrell v. Proctor*, 65 Mo. 41. (4)

Objections to evidence must specify reasons or they will, on appeal, be disregarded. *Margrave v. Ausmuss,* 51 Mo. 564; *Allen v. Mansfield,* 82 Mo. 692; *Brennan v. St. Louis,* 92 Mo. 488. (5) The objections to the tax bill were well taken. Notice to the benefited owner was necessary. *City v. Ranken,* 96 Mo. 497, 505, *et seq.* (6) The city counselor's notice was incompetent and void because of the five publications of his notice in the newspaper one was on Sunday. This notice by publication for six days was to be equivalent to valid service of a writ five times; service of a writ on Sunday is void. *Bank v. Suman,* 79 Mo. 531; Revised Statutes, 1879, sec. 4039; Revised Statutes, 1889, sec. 3952; *Scammon v. Chicago,* 40 Ill. 147; *Handy v. St. Paul Co.,* 28 A. L. R. 795. (7) A notice of meeting of commissioners published on Sunday is void. *Scammon v. Chicago,* 40 Ill. 147; *Jenks v. Chicago,* 48 Ill. 298; *Shaw v. Williams,* 87 Ind. 160; *San Francisco v. McCann,* 51 Cal. 360. (8) One publication, five days before the meeting, would not have been sufficient. Wade on Notice, sec. 1113; *Stine v. Wilkson,* 10 Mo. 96; *Armstrong v. Scott,* 3 Greene (Iowa) 438. (9) The last publication of the notice being on Sunday, that publication is excluded, leaving only four legal publications. Revised Statutes, 1879, sec. 3126, subd. 4; Revised Statutes, 1889, sec. 6570, subd. 4; *Patrick v. Faulke,* 45 Mo. 312; *Bank v. Williams,* 46 Mo. 19.

BARCLAY, J.—This action is to recover the amount of a special tax bill for benefits assessed on account of the opening of an avenue in the city of St. Louis.

Defendants put in issue the plaintiff's alleged facts.

At the trial the circuit court excluded the tax bill, the basis of the action, and also the published notice to

property-owners, which formed essential parts of the plaintiff's case.

At the close of the hearing the court declared that upon the evidence adduced plaintiff was not entitled to recover.

That instruction was clearly correct as the testimony then stood. The only real question in the record arises upon a consideration of the court's rulings, excluding the material proofs offered by the plaintiff above mentioned.

Defendants now insist that those rulings are not reviewable, inasmuch as plaintiff's motion for a new trial does not refer to them, or in any way complain of the exclusion of testimony. We find this point sustained by the record, and cannot justly ignore it.

The precise question was ruled in *City of St. Louis v. Brewing Co.* (1888), 96 Mo. 678; 10 S. W. Rep. 477, and *Savings Institution v. Jacoby* (1888), 97 Mo. 617; 11 S. W. Rep. 256, conforming to earlier cases involving the same principle. *Railroad v. Clark* (1878), 68 Mo. 371; *Hill v. Alexander* (1883), 77 Mo. 296; *Giddings v. Ins. Co.* (1886), 90 Mo. 272.

Matters of exception occurring at the hearing on the circuit do not fall under the reviewing power of this court, unless first called to the attention of the trial court for correction. Revised Statutes, 1889, sec. 2302, same as sec. 3774 in 1879.

Putting aside the questions arising from the action of the court in rejecting plaintiff's offers of proof there remains nothing calling for further remark. The judgment is affirmed. Chief Justice SHERWOOD, BLACK and BRACE, JJ., concur.