WILSON T. STEEN, ET AL. *v.* WILLIAM R. KIRKPATRICK, ET AL.

1. WITNESSES. *Estates of decedents. Evidence.* ` Code 1892, § 1740. *Inheritance.*

The testimony of the heirs of the husband to a contract between him and his wife, made shortly before and in contemplation of their marriage, to the effect that the surviving husband or wife should take only a life estate in the property of the other, is not incompetent against the estate of the wife under Code 1892, § 1740, providing that no one shall testify to establish his own claim against the estate of a decedent which originated in the lifetime of the deceased, since in such case the question is one of inheritance and not a claim which originated in the lifetime of the wife.

2. STATUTE OF FRAUDS. *Code* 1892, § 4225, *par. b. Consideration of marriage. Contemplation of marriage.*

An agreement, made in contemplation of marriage after the contract to marry has become binding, is not an agreement in con-

sideration of marriage within the meaning of the statute of frauds (Code 1892, § 4225, par. b), providing that an action shall not be brought whereby to charge a defendant upon any oral agreement made upon consideration of marriage.

3. SAME.　*Code* 1892, ¿ 4225, *par. c.　Sale of lands.*

A prenuptial parol contract as to the rights of the parties about to be married in the real estate of each other is not enforcible, under Code 1892, § 4225, par. c, providing that an action shall not be brought whereby to charge a defendant upon any oral contract for the sale of lands or the making of any lease thereof for a longer term than one year.

4. SAME.　*Code* 1892, ¿ 4225, *par. d.　Agreement not to be performed within one year.*

A contract which may or may not be performed in one year is not within the statute of frauds (Code 1892, § 4225, par. d), providing that an action shall not be brought whereby to charge a defendant upon any oral agreemnt which is not to be performed within the space of one year from the making thereof.

FROM the chancery court of, first district, Chickasaw county. HON. HENRY L. MULDROW, Chancellor.

Steen and others, appellants, propounded for probate in the court below a claim against the estate of Mrs. M. M. Steen, deceased, which was resisted by Kirkpatrick and others, appellees, heirs of the decedent. From a decree denying probate of the claim the proponents appealed to the supreme court. The facts are fully stated in the opinion of the court.

*A. T. Stovall,* for appellants.

The chancellor sustained the exception on the ideas:

1. That W. M. Steen was not a competent witness, being debarred by Code 1892, § 1740, and

2. That if he was a competent witness the contract could not be enforced by reason of par. b, of § 4225, Code 1892.

As to the first proposition, § 1740, Code 1892, says: "A person shall not testify as a witness to establish his own claim . . . against the estate of deceased person which originated during the lifetime of such deceased person."

W. M. Steen did not testify to establish his own claim against the estate. *Kelly* v. *Miller,* 39 Miss., 17; *Mullins* v. *Cottrell,* 41 Miss., 291; *Sweatman, Exr.,* v. *Parker,* 49 Miss., 19; *Love* v. *Stone,* 56 Miss., 449; *McCutchen* v. *Rice,* 56 Miss., 455; *Fennell* v. *McGowan,* 58 Miss., 261; *Tucker* v. *Whitehead,* 59 Miss., 594; *Combs* v. *Black,* 62 Miss., 831; *Cole* v. *Gardner,* 67 Miss., 670; *Cock, Admr.,* v. *Abernathy, Admr.,* 77 Miss., 872.

If Steen testified to establish his own claim aganst the estate of a deceased person, it did not originate during the lifetime of the decedent. *Kelly* v. *Miller,* 39 Miss., 17; *Witherspoon* v. *Blewett,* 47 Miss., 570; *Tucker* v. *Whitehead,* 59 Miss., 594; *Covington* v. *Frank,* 77 Miss., 606.

Paragraph b, § 4225, Code 1892, provides, "An action shall not be brought whereby to charge a defendant or other party upon any agreement made upon consideration of marriage, mutual promises to marry excepted; unless the promise or agreement upon which such action may be · brought or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized." This has no application at all to the case, for the testimony clearly shows that the parties had agreed to marry long before anything was said about descent, distribution or disposition of their property, in fact, they only made the arrangement about the disposition of their property the day before their marriage took place.

The most that can be said of it is that it was an agreement, or contract made in expectation or contemplation of marriage, and not in consideration of marriage. The consideration was the mutual relinquishment of prospective property rights, that is to say the prospective husband waived the right to a child's interest absolutely or in fee in the contemplated wife's estate in consideration of the contemplated wife waiving a like interest in the prospective husband's estate. *Rainbolt* v. *East,* 56 Ind.,

84 Miss.—5

438; *Childe* v. *Pearl,* 43 Vt., 224; *Riley v. Riley,* 25 Conn., 154.

*Harper & Potter,* on the same side.

Counsel made the same points as their associate, Mr. Stovall, and cited in support thereof the following authorities: Bishop on Contracts, sec. 1276; *Rainbolt* v. *East,* 56 Ind., 538; *Riley* v. *Riley,* 25 Conn., 154; *Flenner* v. *Flenner,* 29 Ind., 564; *Brenner v. Brenner,* 48 Ind., 262; *Houghton* v. *Houghton,* 14 Ind., 505; 1 Bishop on Married Women, secs. 806, 807; *Richards* v. *Richards,* 17 Ind., 636; *Covington* v. *Frank,* 77 Miss., 606; *Cock* v. *Abernathy,* 77 Miss., 872; *McCutchen* v. *Rice,* 56 Miss., 455.

*Bates & Harrington,* for appellees.

Under the well-recognized rulings of this court in the cases of *Davis* v. *Richardson,* 45 Miss., 499; *Apple* v. *Ganong,* 47 Miss., 189; *Harrington* v. *Allen,* 48 Miss., 492, and *Wilson* v. *Beauchamp,* 50 Miss., 24, the matters of fact disclosed in the testimony, strictly confined to the issue of which the learned chancellor was the sole arbitor, fully sustain his order disallowing appellant's claim.

The testimony is incompetent by reason of the witness' personal interest in the subject-matter of this suit as an heir at law to the estate of T. J. Steen. *Rothschild* v. *Hatch,* 54 Miss., 554.

Proponent's claim is based on an alleged parol contract of marriage purporting to have been made between T. J. Steen and Mrs. M. M. Robinson about the 25th day of November, 1877.

This claim is condemned and not maintainable under the provisions of the statute of frauds, not being reduced to writing and signed by the parties, and because, if not condemned by this statute, the proof falls short of its legal establishment as a parol or oral agreement.

Under the statute, contracts in consideration of marriage are included within that class of cases, contracts which must be in writing.

It is a well-recognized principle, long settled, by well-considered and repeated adjudications of this court, that exceptions will not be ingrafted on the statute of frauds. *Beaman* v. *Buck,* 9 Smed. & M., 207; *Box* v. *Stanford,* 13 Smed. & M., 93; *Catlett* v. *Bacon,* 33 Miss., 269; *Hairston* v. *Jaudon,* 42 Miss., 380; *Gumbel* v. *Koon,* 59 Miss., 264.

A part of the subject-matter of the alleged contract was real estate, and the mere fact that Mrs. Steen chose to take personal property in the agreed division does not take it out of the statute of frauds. *Chase* v. *Fritz,* 132 Mass., 359; *Flemer* v. *Flemer,* 129 Ill., 564; *Lloyd* v. *Fulton,* 91 U. S., 479.

But, independent of the light thrown on the matter of contention by the testimony referred to, the record reveals an agreement designated as "Exhibit A" signed by the parties to this suit, by which they agree that the settlement of the T. J. Steen estate shall be final, precludes and estops proponents from setting up claim under the alleged marriage contract. This contract, Exhibit A, being reduced to writing and signed by the parties in interest, all alterations, propositions, offers, and conversations between the parties prior to its execution are inadmissible as evidence, and are merged into the writing, and that becomes the only exponent of what the contract was. 1 Greenleaf on Evidence (16th ed.), sec. 275; *Herndon* v. *Henderson,* 41 Miss., 584; *Kerr* v. *Kuykendall,* 44 Miss., 137; *Cocke* v. *Bailey,* 42 Miss., 81; *Cocke* v. *Blackbourn,* 58 Miss., 537; *Baum* v. *Lynn,* 72 Miss., 932.

Argued orally by *W. R. Harper,* for appellants.

CALHOON, J., delivered the opinion of the court.

Appellants rely on the following as facts: T. J. Steen, a widower, and Mrs. M. M. Robinson, a widow, each with a family of children, agreed to be married. After this agreement,

and on the day before they actually were married, they made an independent oral agreement that the survivor should hold the share of the estate of the deceased spouse coming to him or her by law for life only, and that at the death of the survivor it should revert to the estate of the first decedent. Accordingly the husband being the first to die, the wife wanted her lawful share of his estate in money, so that she might know precisely the amount to go to her husband's estate, and this, by general consent, was done; and she got $1,750 as her share, and while she lived fully recognized this was to be, when she died, the property of her husband's estate. It is not easy to resist this conclusion of fact from the testimony of W. T. Steen, the eldest child of the deceased husband, abundantly corroborated as it is, if he was a competent witness; and we feel sure the learned chancellor must have arrived at the same conclusion, but must have based his decision on another or other grounds. After Mrs. Steen's death, the appellant, for himself, and as agent for the other heirs of his father, T. J. Steen, undertook to probate this claim, and it was contested by the heirs of Mrs. Steen, and it was allowed by the auditors; but the chancery court sustained exceptions to their report, and disallowed the claim, and the Steens appealed to this court. The heirs of Mrs. Steen set up as an estoppel an agreement between Mrs. Steen and the heirs of T. J. Steen to abide the apportionment by certain persons, agreed on between them all, in division of his estate between his widow and his heirs as a final settlement; but we do not think, and do not think the chancellor thought, this went beyond the then claims as distributees under the law, or that it applied at all to this claim arising after her death.

The real and only questions are whether the agreement before marriage was voidable because not in writing, and whether W. T. Steen was a competent witness.

We think W. T. Steen was a competent witness. We need not now decide that he was, because of the decision in *Cock* v.

*Abernathy,* 77 Miss., 872 (28 So. Rep., 18), and its citations, but do so because this claim is a controversy between the two sets of children, and did not "originate during the lifetime of the decedent," Mrs. Steen. *Covington* v. *Frank,* 77 Miss., 606 (27 So. Rep., 1000). And this case also holds that the exception to the rule of competency stated in Code 1892, § 1740, must be construed strictly, and the exception must be within the letter and spirit of the act.

This same rule of construction applies to the statute of frauds, and an oral agreement which might be performed within a year will never be presumed to be in violation of it. *Duff* v. *Snider,* 54 Miss., 245; Bishop on Contracts, sec. 1276. In the case at bar the time of performance might have occurred within a year from the time of the agreement between T. J. Steen and Mrs. Robinson. The same rule of strict construction applies to that clause of the statute of frauds relating to agreements "made upon consideration of marriage," so that, to fall within that clause, the agreement must be strictly in consideration of marriage, and not merely made in contemplation of marriage, as in the case before us, after the mutual promises to marry had been made and become binding. 1 Bishop, Married Women, sec. 806; *Rainbolt* v. *East,* 56 Ind., 538 (26 Am. Rep., 40); *Riley* v. *Riley,* 25 Conn., 154; *Southerland* v. *Southerland's Admr.,* 5 Bush., 591; *Houghton* v. *Houghton,* 14 Ind., 505 (77 Am. Dec., 69).

The probated claim in the record before us is for the amount of "money and personal property" received by the deceased from her husband, T. J. Steen's estate. Of course, the prenuptial parol contract would not be enforced as to the real estate.

*Reversed and remanded.*