SAMUEL POMERANTZ, Appellant, *v.* JACOB POLONSKY, Respondent.

(Supreme Court, Appellate Term, First Department, April, 1918.)

Contracts — action to recover damages for breach of contract and oral renewal of written contract — evidence — new trial.

> Where, in an action to recover damages for breach of an oral renewal for a year of a written contract of employment, it appears that the term was fixed in advance of its beginning and the compensation, then left unfixed, was subsequently agreed upon, the renewal constitutes a binding agreement for one year at the new rate, and a judgment dismissing the complaint for failure of proof will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, dismissing the complaint on the ground of a failure of proof to sustain the cause of action as alleged in the complaint and bill of particulars, after a trial by a judge without a jury.

Jacob Manheim, for appellant.

I. Gainsburg, for respondent.

BIJUR, J.   Plaintiff, as employee, sued for damages for breach of a contract of employment.   His complaint alleged an employment from October 15, 1913, to October 15, 1914, at the rate of thirty-four dollars

per week; that thereafter " on October 15th, 1914, said promise and agreement was continued by the mutual consent and acquiescence of plaintiff and defendant for another term of one year," except that the wages were increased to thirty-eight dollars per week. This employment continued until October 15, 1915. Then the equivalent allegation is made of the continuation of the employment for the year beginning October 15, 1915, and that plaintiff was (as is admitted) discharged on March 7, 1916.

Defendant served a demand for a bill of particulars as to the two renewal contracts, asking " whether the agreement was oral or in writing. If in writing a true copy — if oral the exact terms, etc." Plaintiff submitted a bill of particulars setting forth that the first agreement (1913–1914) was in writing, and a copy was annexed; that the agreement of 1914–1915 " was oral and was entered into by the plaintiff and defendant by their mutual consent and acquiescence in continuation for another term of one year of said agreement in writing." The statement as to the 1915–1916 continuation was substantially the same.

At the trial the 1913–1914 agreement, which was in writing, was put in evidence and admitted, over some objection of the defendant which was not clearly formulated, but no exception was taken. Plaintiff then testified that on October 15, 1914, defendant was not in town but was on the road, that " before Mr. Polonsky went on the road I told him, would I remain here next year? And Mr. Polonsky told me, ' You will come and remain here for 1914,' and I told him, ' It is all right.' I told him, ' Mr. Polonsky, it is necessary you shall raise me. * * * 40.' He said ' $40? Well, I will let you know.' " On Polonsky's return he said " Mr. Pomerantz, you shall have $38." He also testified that he received this thirty-eight dollars on the

Saturday of each week beginning October 15, 1914. On the 15th of October, 1915, nothing was said, and plaintiff continued working until his discharge. To none of this evidence was any objection taken.

Respondent now seeks to sustain the judgment of dismissal on two grounds. *First,* " That the proof was a departure from, and at variance with, the pleadings." Even if that were so the complaint should be deemed amended to conform to the proofs; but there is no such variance.

It is not necessary to decide as an abstract question whether the renewal of a servant's yearly hiring implied by his continuing to work should properly be denominated as having been made " orally." The complaint did not set forth the manner of the renewal. Defendant asked whether it was in writing or oral. Surely plaintiff would have been chargeable with frivolousness had he replied that it was neither. The bill of particulars sufficiently apprised defendant of the nature of the claim when plaintiff recited in his bill of particulars that the renewal was oral " by their mutual consent and acquiescence in continuation for another term of one year." Respondent, in support of his contention, cites *Brightson* v. *Claflin Co.,* 180 N. Y. 76, and quotes at length from the opinion at page 80 as follows: " It is alleged that the written agreement for five years' services which had just expired was *continued* for a further term of five years upon the same terms and conditions as were embraced in the first written contract. *An agreement to employ the plaintiff for five years in order to be valid should be in writing,* and since it is alleged that the first written agreement for five years was continued for another five years, the legal effect of the allegation is that the second agreement was evidenced by some writing signed by the party to be charged thereby."

Respondent's counsel has omitted from the quotation the clause which I have italized. The very omission is significant of the fact that counsel appreciated the distinction between the two cases. In the instant case no inference is to be drawn from the allegations of the complaint to the effect that the continuation of a yearly employment was in writing because such agreement need not be in writing in order to be valid.

Respondent's second point is that as the first renewal, namely, the renewal for the term of 1914–1915, was made after defendant's return to town and after October 15, 1914, to continue until October 15, 1915, it was an employment for less than a year, and that, therefore, the implication of renewal for the term of 1915–1916 did not arise. See *Adams* v. *Fitzpatrick,* 125 N. Y. 124. This argument, I take it, is based on the assumption that plaintiff's continuance at work on and after October 15, 1914, effected an implied renewal of the previous written contract at thirty-four dollars a week, and that the actual employment for the period 1914–1915 was made a few days after October 15, 1914, at thirty-eight dollars a week. Even if that were the fact, as testified to by the plaintiff, I am inclined to believe that although it might be true that the first contract had become automatically renewed on October 15, 1914, for the coming year at thirty-four dollars a week, and the increased wage of thirty-eight dollars a week might not have been recoverable by the plaintiff because the promise to so increase it was without consideration,— nevertheless, both parties having treated the contract as valid and subsisting until the termination of the year 1914–1915, the implication of a renewal at the increased rate, which is an implication of fact, would naturally arise. See *Adams* v. *Fitzpatrick, supra,* at pages 130 and 127. That precise point, however, need also not be decided, for ac-

cording to the plaintiff's testimony, upon which the complaint was dismissed, it was understood between defendant and himself before October 15, 1914, that the contract should be renewed at an increased wage, leaving the amount of the increase to be determined by a further agreement on defendant's return from the road. While here again it may be that had the parties failed to agree, on defendant's return, plaintiff would not have been able to enforce " an agreement to agree " (See *Mayer* v. *McCreery,* 119 N. Y. 434; *Petze* v. *Morse Dry Dock & Repair Co.,* 125 App. Div. 267), nevertheless, as the term of the contract was fixed in advance of the beginning of a new term, and as the compensation then left unfixed was actually subsequently agreed upon between the parties, the contract became, and was, a binding agreement for one year at the new rate.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Finch and Mullan, JJ., concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.