GREEN *v.* HARTFORD FIRE INS. CO. *et al.*

(Division A.  April 21, 1930.)

[128 So. 107.  No. 28463.]

W. C. Sweatt, of Corinth, for appellant.

R. L. McLaurin, of Vicksburg, and J. O. Cunningham, and F. W. Cunningham, of Booneville, for appellees.

318

**McGowen, J.,** delivered the opinion of the court.

The appellant, Mrs. E. J. Green, filed her bill in the chancery court against the Hartford Fire Insurance Company and the Stanley Insurance Agency, a partnership, seeking to enforce an oral contract to keep a house belonging to her insured, and to renew the insurance thereon when it should expire, which contract is alleged to have been made with her by the Stanley Insurance Agency. A loss by fire having occurred, she now seeks to enforce the oral agreement. A demurrer to the original bill was sustained, and appellant filed an amended bill, to which amended bill the Hartford Fire Insurance Company and the Stanley Insurance Agency filed their separate demurrers. The demurrer of the Hartford Fire Insurance Company was sustained, the demurrer of the Stanley Insurance Agency was overruled, and Mrs. Green and the Stanley Insurance Agency were allowed an appeal to settle the principles of the case.

We shall consider only the amended bill, in which it was alleged that Mrs. Green, the appellant, was the owner of a residence in the town of Rienzi, which had been insured by her husband in his lifetime, through the said

agency, with the Hartford Fire Insurance Company. It was further alleged that on December 12, 1920, a policy was issued to her for a term of three years on said house, insuring same for the sum of two thousand dollars, and the furniture and household goods. It was alleged that on December 12, 1923, the policy was renewed, a copy thereof being attached to the bill as Exhibit A; and it was also alleged that, on or about the date of such renewal, Mrs. Green was in the office of the Stanley Insurance Agency, in Booneville, and had a conversation with J. C. Stanley, Jr., a member of the partnership composing the Stanley Insurance Agency, who delivered to her the policy, which she took, intending to carry it home with her; but the said Stanley suggested that she leave the policy with the Stanley Insurance Agency, as the agent of the Hartford Fire Insurance Company; that they would keep it, and, upon its expiration, renew it. "That is to say that the said Insurance Company, by and through the said Insurance Agency, would at all times keep the property insured; and that she would thereby be relieved from being annoyed about keeping the said property insured and having the same renewed when the policy expired." Relying upon the oral agreement in regard to renewing the insurance upon her house, she consented, and left the policy with the Stanley Insurance Agency.

The bill alleges that on the 8th of December, 1928, the dwelling and its contents were totally destroyed by fire; whereupon the appellant called for the policy of insurance. The agent stated to her that he felt sure the same had been renewed, but later informed her that upon the expiration of the policy they had not renewed it.

The bill alleged, in detail, that the Stanley Insurance Agency was the general agent of the Hartford Fire Insurance Company, and prayed for a decree for the sum of two thousand five hundred dollars, and for the enforcement of Exhibit A as though it had been renewed on the renewal date, which was December 12, 1926. It prayed, as an alternative, that the policy be treated by the court

as if it had been written and delivered to her, or that the court require the same to be written and delivered in accordance with the oral contract.

The demurrers of the agency and of the fire insurance company were alike, and the same principles of law were applicable thereto in the particulars which we shall here set forth, being ground No. 3 of the Hartford Fire Insurance Company: "The basis of the alleged cause of action is an oral promise which was not to be performed within fifteen months from the date of the promise, and it is within the statute of frauds."

It will be observed that the oral agreement to renew the policy and keep the property insured was made on or about December 12, 1923, the date of the renewal of the policy of insurance, which is the standard New York form of fire insurance policy, and which was for a term of three years, or ,until noon of December 12, 1926. The fire occurred on February 8, 1928. The insurance agency did not comply with its oral agreement to renew the fire insurance policy in the Hartford Fire Insurance Company on December 12, 1926.

A fair construction of the language used, setting forth the oral contract upon which this suit is based, is that it was a contract dual in its nature; first, that the insurance policy would be renewed upon the recurrence of the renewal date, three years from the date on which it was made, together with a further contract that they would keep the property insured. The bill does not allege the payment of any premiums on December 12, 1926, the renewal date, or any investigation on the part of appellant, until the loss of her dwelling house by fire occurred, about fifteen months after the expiration of the policy which had been in force to her knowledge.

The demurrers, in this case are based upon section 3325, Hemingway's Code 1927, section 4775, Code of 1906, the applicable part of which is in this language:

"Certain contracts to be in writing. An action shall not be brought whereby to charge a defendant or other party:

"(a)  .  .  .
"(b)  .  .  .
"(c)  .  .  .
" (d) Upon any agreement which is not to be performed within the space of fifteen months from the making thereof; or

"(e)  .  .  .  Unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing.''

It is quite well settled in this jurisdiction—in fact, comes down to us from the common law—that an oral agreement by a party to insure the property of another is a valid contract; but it has never been held, so far as we have been able to ascertain, that there is any difference in applying the Statute of Frauds to an insurance contract from its application to any other oral contract.

Counsel for appellee, in his bill, construes the language to mean that the contract here entered into was a promise to keep the property insured, 'and to renew the policy when it expired.

There is no allegation that the policy written December 12, 1923, did not continue and remain in force until the expiration of the term, December 12, 1926; and if liability is to be laid in this case, it must be upon the fact that the insurance agency and the insurance company did not renew the written contract of insurance on December 12, 1926.

Counsel for Mrs. Green contends that this was not an agreement which could not be performed within fifteen months; and then calls attention to the fact that by the terms of the policy there are numerous contingencies upon the occurrence of which the policy would become void; that the promise of the agency was to keep it insured, and to renew it when necessary—when any of these contingencies arose, such as procuring other insurance, a manufacturing establishment operated after hours, or a ces-

sation of operation of a manufacturing plant, altering or repairing the building for more than fifteen days at a time, unconditional and sole ownership, or if the building became vacant for a space of more than ten days.

Appellant then illustrates her position thus: Suppose that mechanics be employed in repairing the building for more than fifteen days; or suppose that the building became vacant for the space of more than ten days—either of these contingencies happening within the period of fifteen months—this policy would then have become void; but, when the building was reoccupied, it would have been the duty of the defendant to renew the policy, and under this oral agreement they have thus bound themselves. Counsel for the appellant is of the opinion that these illustrations demonstrate that the oral contract was possible of performance within the fifteen months. Unfortunately for him, his illustrations are inapt, for the reason that in the case of Insurance Co. of North America v. Pitts, 88 Miss. 587, 41 So. 5, 6, 7 L. R. A. (N. S.) 627, 117 Am. St. Rep. 756, 9 Ann. Cas. 54, this court held that, under the provisions of a fire insurance policy, it should be void if the building be or become vacant, and so remain for ten days. The building there in question had been vacant for more than ten days, but actual possession had been resumed some time before the fire occurred, and the insurance company was held liable, and the policy continued in force without renewal. "If the loss had occurred during the prohibited vacancy, there could be no recovery. This is everywhere held, and so decided by our own court in Insurance Co. v. Scales, 71 Miss. 975, 15 So. 134."

Counsel does not contend that if, in the illustration used, the fire had occurred during the period in which the insurance could not be enforced, that is, in the space of time when the house was vacant in excess of the period allowed, that the insurance company could be held liable, in spite of its contract. On the other horn of the dilemma, if the building was reoccupied, then by the operation of law, and by the construction this court placed upon

the contract, the property was insured, and there was no necessity for anything to be done by the insurance agency or the insurance company.

The result is the same in respect to the other illustration with reference to mechanics repairing a building for a period of more than fifteen days. If a fire should occur during that time, the insurance company would not be liable. When the building is completed, the policy goes into effect without any action on the part of the insurance company or its agent.

We have been cited to no case where an oral contract to renew a policy three years later has been enforced. In the present case, the contract to renew the policy was not possible of performance within the fifteen-month period —it was not to be renewed until three years later. The renewal was not possible of performance within that period. Suppose Mrs. Green had sold her property and alienated her interest therein, the contract of insurance would have been forfeited; and can any reasonable man say that it would have been the duty of these agents of the fire insurance company to immediately renew the forfeited policy in favor of Mrs. Green at a time when she had no insurable interest therein, in spite of the solemn written contract? This is the logical conclusion to which counsel's argument tends, and it is not maintainable. The only complaint here found against the insurance company and its agents is that they did not renew the policy of fire insurance in December, 1926. Appellant's loss occurred considerably more than four years after this oral agreement was made. The first time this contract was possible of renewal, as shown by the facts alleged in this case, was on December 12, 1926.

. In the case of Jackson v. I. C. R. Co., 76 Miss. 607, 24 So. 874, there was under consideration a contract by the railroad company to give employment to Jackson for his lifetime. This was held not to be within the operation of the Statute of Frauds, the court announcing the rule that it was possible of performance within one year. This

holding was at a time when the period was twelve months, instead of fifteen, as it is now written.

In the case of Steen v. Kirkpatrick, 84 Miss. 63, 36 So. 140, this court held, with reference to an antenuptial contract made the day before the marriage of the parties thereto, to the effect that the survivor should have the share of the deceased spouse, coming to him or her by law, for life only; and that at the death of the survivor it should revert to the estate of the first decedent, that the Statute of Frauds did not apply, for the time of performance might have occurred within a year from the time of agreement between Steen and Mrs. Robinson; and the court would not presume that the contract was in violation of the Statute of Frauds when and if it might be performed within the year. Citing Duff v. Snider, 54 Miss. 245, in which latter case this court held that where no time is fixed by the agreement for making a payment the contract will not be held to be in violation of the Statute of Frauds.

These authorities are not controlling for the reason that, with the written contract in her hands, Mrs. Green and the other parties thereto knew that the time for renewal was three years thereafter, just as certainly as if it had been stated to her thus: ''Three years from this date we will renew this policy.''

In the oral agreement here set up, there was no understanding that either party might terminate the agreement at any time.

As illustrating and sustaining our view, see Giddings v. Phoenix Ins. Co., 90 Mo. 272, 2 S. W. 139; Wiebeler v. Milwaukee Mechanics' Ins. Co., 30 Minn. 464, 16 N. W. 363; Klein v. Liverpool, etc., Ins. Co. (Ky.) 57 S. W. 250; Harrower v. Ins. Co. of No. Am., 144 Ark. 279, 222 S. W. 39.

But counsel for the appellant seems to argue that because of the agreement to keep the policy renewed, a partial performance of the contract would relieve it from the operation of the Statute of Frauds. His illustrations and his argument are to that effect. But our court has

aligned itself, in the case of Fisher v. Kuhn, 54 Miss. 480, with that line of authorities which hold that it has long been the doctrine of this court not to accept part performance, or any other thing, as an exception, to take a case out of the operation of the statute. See, also, 25 R. C. L., page 461; Gerachi v. Sherwin-Williams Co. (Miss.), 125 So. 410.

Appellant cites 27 C. J., page 188, section 119, to uphold its proposition that if the original contract is in writing, and an oral agreement to renew on the same terms is made, the original contract is a sufficient memorandum to take the oral agreement out of the operation of the Statute of Frauds. There is cited in the notes only one case, Pomerantz v. Polonsky, 103 Misc. Rep. 246, 170 N. Y. S. 43. It is sufficient to state that the contract of employment there was from year to year, and that the opinion of the court does not seem to support the text; but, even granting that it does, the case is not well reasoned, and we do not follow it.

The case most frequently cited to uphold appellee's contention in this respect is Trustees First Baptist Church v. Brooklyn Fire Ins. Co., 18 Barb. (N. Y.) 69, in which case the court said that if, upon the facts of the case, where there was a parol lease of land for several years, the analogy be applied, the agreement would be valid as an agreement to insure from year to year; and the facts stated by the court are as follows:

"In September, 1847, there was an agreement to renew the insurance on the 22d of July, 1848. That agreement was to be perfected by giving a certificate of renewal, on the 22d of July, 1848, for a year from that date, and so it was to be fulfilled within a year. The thing to be done within the year was the giving of the written agreement or certificate to insure, and then when it was given, the obligation to pay for the loss occurring within a year after the 1st of July, 1848, would accrue."

Under this statement of facts, the court held the insurance company liable.

In the instant case we have reached the conclusion that the agreement here was to renew the policy on its expiration date, which was three years from the date of the making of the oral contract. There was nothing to be performed by the insurance company or its agency until three years had elapsed. There was no possibility of its performance at an earlier date. The agreement was, as we construe the bill, to this effect: "We are now giving you a policy of insurance on your dwelling. Three years from now we will renew this policy without trouble or annoyance to you; the renewal policy to be a copy of the policy we are now handing you." The agreement, then, was to have a written memorandum of renewal three years later. This agreement was not possible of performance, nor was the entire contract, as construed by appellee, wholly possible of performance until the expiration of the three-year period, for which time appellee's property was already insured. The Statute of Frauds applies, this being an oral agreement for the performance of a contract to issue a written policy of insurance three years from the date of said agreement.

The demurrers of the Stanley Insurance Agency and the Hartord Fire Insurance Company should have been sustained, on the ground that the oral contract violated the Statute of Frauds, as set forth in this opinion.

Affirmed as to Mrs. Green; reversed as to the Stanley Insurance Agency; cause remanded.