421 P.2d 433

Joseph GORDON and Beatrice Gordon, his
wife, Defendants and Third-Party
Plaintiffs-Appellees,

v.

NEW MEXICO TITLE COMPANY, Third-
Party Defendant-Appellant.

No. 7911.

Supreme Court of New Mexico.

Dec. 19, 1966.

Robinson & Ortego, Albuquerque, for appellant.

Hines & Mistretta, Albuquerque, for appellees.

## OPINION

COMPTON, Justice.

The third-party defendant appeals from a judgment awarding damages against it for the alleged breach of contract in the disbursement of escrow funds.

Joseph Gordon and Beatrice Gordon, third-party plaintiffs and appellees here, entered into a contract with Ward Bilderbeck, owner of Bilderbeck Construction Company, for the construction of a dwelling house upon their property. The construction, temporarily financed by a local bank, was permanently financed upon completion by Great Southern Life Insurance Company. Appellant, New Mexico Title Company, was chosen by Great Southern as its

agent and by Bilderbeck to close the loan, and papers for closing the loan were forwarded to appellant by Great Southern. These papers included a promissory note, a deed of trust securing the note, and a mechanic's lien affidavit to be signed by the Gordons and by Bilderbeck. The affidavit provided in part:

"＊　＊　＊　All obligations incurred for material furnished and labor performed in connection with the erection and construction of said improvements and subcontractors, if any, have been paid in full."

The affidavit was signed by the Gordons in their attorney's presence and then returned to the appellant with a letter stating in part:

"Also enclosed are Great Southern Lien Affidavit, in duplicate, executed by the Gordons, and we request that the same be executed by Mr. Bilderbeck on delivery to you. ＊　＊　＊"

Bilderbeck signed the affidavit as requested and the loan was closed. The funds on hand were disbursed immediately by appellant to Bilderbeck and Bilderbeck Construction Company. Shortly thereafter fourteen unpaid laborers and materialmen filed liens against the property. Thereupon, the Gordons brought in the appellant as a third-party defendant alleging that it had improperly disbursed the escrow funds. Judgment was entered in favor of the Gordons for the amount of all the liens, and New Mexico Title Company appeals.

The question is whether appellant violated any instruction of the appellees, and, if not, was it otherwise negligent in relying solely on Bilderbeck's affidavit.

Appellant attacks the court's findings as not being supported by substantial evidence. While some of the findings speak of express contract, the following findings are perhaps the findings most strongly contended by appellees to have support in the record:

"27. Acceptance by New Mexico Title Company of monies from Great Southern and the Gordons in escrow, to be applied to payment of bills, constituted a contract with the Gordons that said money would be distributed properly, and in a manner to release the Gordons' premises of all liens, except the first mortgage of Great Southern Life Insurance Company."

＊　＊　＊　＊　＊　＊

"42. That by the very nature of the title insurance business, the New Mexico Title Company agreed that they would make a thorough investigation for the benefit of Joseph Gordon and Beatrice Gordon, his wife, into the existence or non-existence of liens under the laws of New Mexico, in favor of persons supplying labor and material to the Gordons' property."

Unquestionably, custom or course of conduct may give rise to a contract implied in fact, but the record in this case is

devoid of any evidence of custom, or the nature of an escrow agent's business. Thus, there is no evidence to support either of the above findings. Three witnesses were called by appellees, the appellant's office manager, its escrow officer, and appellee Mrs. Gordon. These witnesses did not testify that it was the custom of an escrow agent to search for unfiled liens. On the other hand, it was established that it was appellant's custom to require nothing more than Bilderbeck's affidavit that his bills had been paid, as it had done previously. From this evidence no contract to investigate for unfiled liens can be implied. The terms of the escrow made no such requirement of appellant. See Dunlap v. Albuquerque Nat. Bank., 56 N.M. 638, 247 P.2d 981. Also see 19 Am.Jur., Escrow, § 18 and 30 C.J.S. Escrows § 8.

Other findings of fact attacked here are those relating to an "express understanding" between the parties that the funds would be disbursed so that no liens would attach to the premises, and that appellant agreed to investigate whether or not all bills had been paid. We have read the testimony of the witnesses and examined the exhibits in this case and agree with appellant that there is no support in the record for these findings. At the oral argument appellees' counsel was asked specifically to point to the evidence where there was an agreement to investigate the existence of unfiled liens. Counsel significantly did not rely on any express understanding, but insisted it was customary to do so. As we have said, the record is silent as to the custom of escrow agents in making independent investigation as to unfiled liens. Thus, there is no evidence of a duty to investigate for unfiled liens, the breach of which would be negligence.

Appellees have argued that they relied on Bilderbeck's affidavit in signing the Great Southern lien affidavit, but appellees' own letter, above quoted, reveals that Bilderbeck had not signed the affidavit when they signed. Some mention is made of a similar affidavit signed by Bilderbeck when a policy of title insurance was issued to Great Southern. We find no indication in the record that appellees were even aware of this affidavit when they signed the Great Southern affidavit and sent it to appellant to be signed by Bilderbeck. We do not find, nor have we been cited to, any representation made by appellant which would reasonably induce appellees to forego their own investigation.

We conclude that the findings of the trial court, though viewed in an aspect most favorable to the judgment, rest solely upon speculation and conjecture. No duty to investigate as to unfiled liens having been shown, the findings of negligence in the performance of the alleged duty are likewise unsupported. This court had repeatedly stated that findings may not rest upon mere speculation and conjecture. Horrocks

v. Rounds, 70 N.M. 73, 370 P.2d 799; Fitz-gerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398; Southern Union Gas Co. v. Cantrell, 56 N.M. 184, 241 P.2d 1209; and Petrakis v. Krasnow, 54 N.M. 39, 213 P.2d 220. Also see Wilson v. Employment Security Commission, 74 N.M. 3, p. 13, 389 P.2d 855.

It follows from what has been said that the judgment must be reversed.

It is so ordered.

CARMODY, C. J., and JOE W. WOOD, J., Ct. App., concur.