653 P.2d 897

Heraclio David SANCHEZ and Petra
Sanchez, his wife,
Plaintiffs-Appellees,

v.

Sammy MARTINEZ, d/b/a Sammy Mar-
tinez Agency, Defendant-Appellant.

No. 5367.

Court of Appeals of New Mexico.

Nov. 2, 1982.

Michael L. Gregory, Las Vegas, for defendant-appellant.

Jesus L. Lopez, Las Vegas, for plaintiffs-appellees.

## OPINION

DONNELLY, Judge.

The defendant, Sammy Martinez, appeals from a judgment entered pursuant to a jury verdict which awarded the plaintiffs, Heraclio Sanchez and Petra Sanchez, damages of $7,913.27 for negligent failure to procure fire insurance.

On appeal, the defendant asserts four issues of alleged trial court error: (1) failure to dismiss on the basis of the statute of frauds; (2) incorrect jury instructions; (3) admission of improper damages evidence; and (4) failure to grant a mistrial based on the return of an improper verdict. We reverse.

The plaintiffs purchased a residence in Las Vegas, New Mexico in 1954. In 1959, the plaintiffs moved to Albuquerque and began to purchase insurance for their Las Vegas house through the defendant's agency. The plaintiffs alleged that the defendant agreed orally to act as their insurance agent, procuring and renewing appropriate fire insurance from year to year.

On February 16, 1979, the house was partially destroyed by fire and the plaintiffs requested the defendant to process their insurance claim for the damage incurred. The defendant advised the plaintiffs that the house was uninsured and that he had not acquired insurance on the property. Defendant stated that he had told plaintiffs that the house could only be insured under an assigned risk policy because of the property's run-down condition and that coverage could not be effected unless the premiums were paid in advance. The defendant denied liability for the loss sustained by the plaintiffs and claimed that the plaintiffs were aware that there was no policy of insurance in effect at the time of the loss since they had not paid the premium.

The plaintiffs filed suit on March 18, 1980, demanding a jury trial, and alleging that defendant breached a contract to procure insurance on their behalf; in the alternative, they alleged the defendant negligently breached a contractual duty to obtain a policy of insurance. The plaintiffs' complaint claimed damages of $12,000.00. Defendant's answer denied liability and also raised as affirmative defenses the bar of the statute of frauds and contributory negligence.

The trial court submitted the case to the jury on the negligence theory only and instructed them to consider the issues of comparative negligence. The trial court submitted the case to the jury on special interrogatories rather than general verdict forms.

The answers to the special interrogatories submitted to the jury and signed by the foreman found that the defendant was negligent, that the plaintiffs were not negligent, and that the negligence of defendant was the proximate cause of the plaintiffs' injury. However, the jury failed to enter in their answer to the interrogatories submitted the specific amount of damages which they determined should be awarded. Special interrogatory No. 5, as filled out by the foreman of the jury read:

Issue No. 5. Without taking into consideration the question of reduction of damages due to the negligence of the plaintiff, if any, what is the total amount of damages suffered by the plaintiff, a (proximate) (legal) cause of which was the (accident) (incident) in question?

Answer: $ Full Amount.

The trial court undertook to poll the jury to clarify the meaning of the verdict and the damage award. In an apparent reference to plaintiffs' exhibit No. 11, the court asked whether the jury intended "full amount" to mean the sum of $7,913.27, a figure which had been testified to by the plaintiff Heraclio Sanchez. Several, but not all, of the jurors answered in the affirmative. The court's voir dire of the jury

raised serious questions about whether at least ten jurors had concurred in the finding of liability. Following the questioning of certain of the jury members, the court concluded, "I find that the intent of the jury was to award the plaintiff the full amount prayed for in the Complaint—$7,913.27."

### (1) *Defense of Statute of Frauds*

The defendant asserts that the trial court should have granted a directed verdict at the close of the plaintiffs case in chief since the action brought by plaintiffs was based on an alleged oral contract and was barred by the statute of frauds.

■ The statute of frauds is an affirmative defense applicable in actions seeking to enforce oral contracts. *Skarda v. Skarda,* 87 N.M. 497, 536 P.2d 257 (1975); *Pitek v. McGuire,* 51 N.M. 364, 184 P.2d 647, 1 A.L. R.2d 830 (1947); *Balboa Const. Co. v. Golden,* 97 N.M. 299, 639 P.2d 586 (Ct.App.1981). This defense, however, is not effective in actions grounded in tort. *Bynum v. Bynum,* 87 N.M. 195, 531 P.2d 618 (Ct.App. 1975); *McNaughton v. Smith,* 136 Mich. 368, 99 N.W. 382 (1904); *Burgdorfer v. Thielemann,* 153 Or. 354, 55 P.2d 1122 (1936); *Kinkaid v. Rossa,* 31 S.D. 559, 141 N.W. 969 (1913); W. Prosser, *The Law of Torts,* § 92 (4th Ed.1971); *see also Ringler v. Ruby,* 117 Or. 455, 244 P. 509, 46 A.L.R. 245 (1926); *cf. Stotlar v. Hester,* 92 N.M. 26, 582 P.2d 403 (Ct.App.), *cert. denied,* 92 N.M. 180, 585 P.2d 324 (1978).

■ The case of *Green v. Hartford Fire Ins. Co.,* 157 Miss. 316, 128 So. 107, 69 A.L.R. 554 (1930), relied upon by the defendant, involved the application of the statute of frauds defense in an action alleging a breach of oral contract to procure insurance. It is distinguishable, however, from the instant case because there the plaintiff raised no claim of tortious conduct. Here, the plaintiffs brought suit under the alternative theories of tort and contract. In the instant case, as ultimately submitted to the jury, plaintiffs sought recovery solely upon their claim of tort; the jury received the court's statement of case instruction (no. 1) based on a negligence theory. The

trial court did not err in denying the motion for directed verdict.

### (2) *Error in Jury Instructions*

■ The trial court properly denied the defendant's requested jury instruction on the defense of statute of frauds. A party is entitled to have the jury instructed on all correct legal theories supported by substantial evidence. *Sandoval v. Cortez,* 88 N.M. 170, 538 P.2d 1192 (Ct.App.1975). As a general rule, however, determination of the applicability of the defense of statute of frauds is a question of law for determination by the court, not the jury. *See Howland v. Iron Fireman Mfg. Co.,* 188 Or. 230, 215 P.2d 380 (1950); *Brinser v. Anderson,* 129 Pa. 376, 11 A. 809 (1888). A factual question, however, concerning the existence of a contract may prevent a ruling as a matter of law on the applicability of the statute of frauds. *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 84 N.M. 524, 505 P.2d 867 (Ct.App.), *cert. denied,* 84 N.M. 512, 505 P.2d 855 (1972). As finally submitted to the jury, the plaintiffs' claims against the defendant were predicated on negligence grounds and not upon contract. The defense of statute of frauds applies only in contract actions. *Burgdorfer v. Thielmann, supra; Kinkaid v. Rossa, supra; McNaughton v. Smith, supra.*

The plaintiff submitted a jury instruction on implied contract. U.J.I. Civ. 8.3., N.M. S.A. 1978. This instruction was not improper under the facts herein. The plaintiffs alleged in their complaint the existence of a "course of conduct" between the parties whereby the plaintiffs relied upon the defendant "to secure and to continue in effect for Plaintiffs a contract of insurance" on their house.

■ An insurance agent or broker who undertakes to procure insurance for others and, through his fault or neglect, fails to do so, may be held liable for any damage resulting therefrom. Under such facts, liability may be predicated either upon the theory that defendant is the agent of the insured and has breached a contract to pro-

cure a policy of insurance, or that he owes a duty to his principal to exercise reasonable skill, care, and diligence in securing the insurance requested and negligently failed to do so. The defendant may be sued for breach of contract or negligent default in the performance of a duty imposed by contract or both. *Brown v. Cooley,* 56 N.M. 630, 247 P.2d 868 (1952); *see also Lanier v. Securities Acceptance Corp.,* 74 N.M. 755, 398 P.2d 980 (1965); *White v. Calley,* 67 N.M. 343, 355 P.2d 280 (1960); *Wiles v. Mullinax,* 267 N.C. 392, 148 S.E.2d 229 (1966).

▮▮▮ An agent who agrees to procure or renew an expired policy of insurance has a duty to either obtain the insurance, renew or replace the policy, or seasonably notify the principal that he is unable to do so in order that the principal may obtain insurance elsewhere. *Butler v. Scott,* 417 F.2d 471 (10th Cir.1969) (applying N.M. law); *Trinity Universal Ins. Co. v. Burnette,* 560 S.W.2d 440, (Tex.Civ.App.1977); *Ezell v. Associates Capital Corporation,* 518 S.W.2d 232 (Tenn.1974); *Wiles, supra.* Since suit for negligence or default of a duty arising by contract may be predicated upon an agreement between the parties, either express or implied, the giving of the instruction was not error. *See Bynum v. Bynum, supra.* Evidence of custom or course of conduct between the parties may give rise to a contract implied in fact. *Gordon v. New Mexico Title Co.,* 77 N.M. 217, 421 P.2d 433 (1966); *Trujillo v. Chavez,* 76 N.M. 703, 417 P.2d 893 (1966).

▮▮▮ Where the plaintiff's cause of action is solely in contract based on an oral agreement which cannot be performed within one year, and there is no evidence of partial performance or memoranda confirming the agreement, the statute of frauds may constitute a complete defense. *See Fireman's Fund Ins. Co. v. Williams,* 170 Miss. 199, 154 So. 545 (1934). Here, however, the plaintiffs submitted the case to the jury on a tort theory based upon the alleged negligent failure of defendant to perform a duty imposed by an implied contract; the agreement to procure the new policy of insurance was to be performed within a year. Denial of the defendant's requested instructions on the statute of frauds was not error.

*(3) Voir Dire as to Verdict of Jury*

After the jury returned to open court following their deliberations, the trial court read into the record their answers to the special interrogatories. At this point the following colloquy occurred between the court and certain members of the jury:

THE COURT: What was the verdict of the jury, Mr. [Venerito] Angel? How much did you intend to award the plaintiff?

THE FOREMAN: All, the full amount.

THE COURT: And what is the full amount? Seven thousand nine hundred and whatever?

THE FOREMAN: We didn't know exactly how much.

THE COURT: I wish the attorney for the plaintiff to voir dire on that issue, Mr. Lopez.

MR. GREGORY: May it please the Court, I object to that on the grounds that that is obviously a faulty verdict and move the proceedings be declared a mistrial.

THE COURT: Denied. Let me voir dire the jury.

VOIR DIRE EXAMINATION BY THE COURT:

Q   Jose Horacio Sena?

A   Here.

Q   What was your verdict, sir? What did you intend to award?

A   Mr. Martinez [was] guilty.

Q   The full amount that plaintiff was claiming in this case?

A   We didn't have a figure so we didn't know how much to put in there.

Q   The figure testified to was $7,913.27. Is that the figure that you people discussed?

A   Right.

Q   Mrs. Eugenio Martinez, what was your verdict?

A   Guilty.

Q Did you intend to award this figure to the plaintiff?

A Yes.

Q That is what you intended to do?

A Yes.

Q Rita Gonzales?

A The same.

Q That is what you intended to do?

A Yes.

Q Jose Gallegos?

A The same.

Q Della Lopez—what was your verdict, Mrs. Lopez?

A Guilty.

Q Well, this isn't a question of guilt or innocence. Did you intend to award the plaintiff a verdict in this amount that was mentioned here?

A The full amount.

Q Jose Santillanes.

THE JURORS: He is not a juror.

Q Pardon me, Jenne Irene Wood?

A I found Mr. Martinez not guilty.

Q Mrs. Leo Armijo.

A It was debatable between the two parties being negligent, but then I went along with the rest since they out-voted me. So I went with the full amount.

Q For the plaintiff?

A Yes.

Q And, Mrs. Paul Mares?

A Guilty.

Q The full amount?

A Yes.

Q Mr. [Venerito] Angel?

A The full amount.

Q To the plaintiff?

A Yes.

Q Ramon Sena?

A The full amount.

Q To the plaintiffs?

A Yes.

THE COURT: The record will show that the verdict of the jury is that the plaintiff is to receive the full amount. I understand that the nature of the pleadings is a bit confusing in this matter. In fact, the jury should have filled out the verdict which says, "We find for the plaintiffs on the complaint in the sum of," and that in fact was the verdict on the Special Interrogatory that was signed. But I find that the intent of the jury was to award the plaintiff the full amount prayed for in the Complaint—$7,913.27.

From the juror's responses to questioning by the court it is apparent that the jury never properly determined the amount of damages to be awarded. Although the trial court sought to clarify the ambiguity in the jury's answer to the interrogatory as to any damage award, the record, however, fails to show that all twelve jurors were polled on this issue. Only ten jurors were in fact questioned by the court, and one of these, Jenne Irene Wood, clearly disagreed with any finding of liability or award of damages. Still another juror, Mrs. Leo Armijo, expressed reservations about determination of liability. The intention of the two unpolled jurors does not appear in the record. This questioning by the trial court cast doubt upon the validity of the entire decision of the jury both as to its determination of liability and damages.

A valid judgment cannot be entered on a jury verdict which is neither specific nor definite as to the damages awarded. *Gibson v. Central Mfrs. Mut. Ins. Co.,* 232 N.C. 712, 62 S.E.2d 320 (1950). The law requires that each juror give fair, dispassionate, and full consideration to the rights of each litigant if an award of damages is to be made. Such award must be based upon the evidence adduced at trial and rendered in accordance with the law set out in the court's instructions. U.J.I. Civ. 18.2, N.M.S.A.1978; *see Powell v. Moore,* 202 Ga. 62, 42 S.E.2d 110, (1947).

An award of damages predicated upon conjecture, guess, surmise or speculation is improper. *Hebenstreit v. Atchison, Topeka & Santa Fe Ry. Co.,* 65 N.M. 301, 336 P.2d 1057 (1959); *Rael v. F & S Co., Inc.,* 94 N.M. 507, 612 P.2d 1318 (Ct.App. 1979), *cert. quashed,* 94 N.M. 675, 615 P.2d 992 (1980). A party seeking to recover damages has the burden of proving the existence of injuries and resulting damage

with reasonable certainty. *Gulf Refining Company v. Etcheverry,* 85 N.M. 266, 511 P.2d 752 (Ct.App.), *cert. denied,* 85 N.M. 639, 515 P.2d 643 (1973); *see Grammer v. Kolhaas Tank & Equip. Co.,* 93 N.M. 685, 604 P.2d 823 (Ct.App.1979).

■ The general rule applicable to defects in the form or content of verdicts is that the verdict should leave no question as to the clear intent of the jury to render an award of damages and as to the amount determined. *Fransen v. Washington,* 229 Cal.App.2d 570, 40 Cal.Rptr. 458 (1964). Defects in a verdict which render it indefinite or insufficient invalidate the verdict form unless corrected by the jury following further deliberations. *Stambaugh v. Hayes,* 44 N.M. 443, 103 P.2d 640 (1940); *compare Murry v. Belmore,* 21 N.M. 313, 154 P. 705 (1916).

A verdict in a civil damage action has two separate aspects—liability and amount of damages—and there is a broad distinction between the two. U.J.I. Civ. 18.1, 18.2 N.M.S.A.1978; *Board of Mayor and Aldermen v. Moore,* 33 Tenn.App. 561, 232 S.W.2d 410, (1950). Under N.M.R.Civ.P. 49, N.M.S.A.1978 (1982 Cum.Supp.), the court may submit the special verdict issues to the jury either in the form of a special written finding on each issue of fact or on a general verdict form accompanied by interrogatories. Special verdicts or jury interrogatories are required in comparative negligence cases by N.M. Supreme Court Order No. 8000, Misc. (March 30, 1981). *Armstrong v. Indus. Elec. and Equip. Service,* 97 N.M. 272, 639 P.2d 81 (Ct.App.1981).

■ Determination of the proper amount of damages, if any, in a jury trial is within the exclusive province of the jury, since they are the sole judges of all disputed questions of fact. U.J.I. Civ. 18.2; *see also Cole v. Boyd,* 47 Mich. 98, 10 N.W. 124 (1881). Here the amount of damages was contested. The jury verdict or decision must be in writing, § 38–5–17, N.M.S.A. 1978; N.M.R.Civ.P. 38(f), N.M.S.A.1978 (1982 Cum.Supp.), and written answers made by a jury to special interrogatories cannot be modified by oral answers of jur-

ors to questions by the court. *See* § 38–5–17, *supra; see also Stambaugh v. Hays, supra; Burke v. Hodge,* 211 Mass. 156, 97 N.E. 920 (1912).

■ As set forth in *Sanchez v. Securities Acceptance Corp.,* 57 N.M. 512, 519, 260 P.2d 703, 708 (1953):

There is no question in New Mexico concerning the power of a trial court to amend or clarify an incomplete or ambiguous verdict, *Johnson v. Mercantile Ins. Co. of America,* 47 N.M. 47, 133 P.2d 708; *Holloway v. Evans,* 55 N.M. 601, 238 P.2d 457; *Di Palma v. Weinman,* 16 N.M. 302, 121 P. 38. This, indeed, is in line with the overwhelming weight of authority; the cases are collected [in] 116 A.L.R. 845, 8 A.L.R.2d 864.

Upon return of a mistaken or ambiguous verdict by the jury the trial court should direct the jury to return to the jury room to agree upon a corrected form of verdict upon further deliberation. *Stambaugh v. Hayes, supra; see also* § 38–5–17, *supra.*

The trial court erred in suggesting the amount of damages intended by the jury to be included in the term "full amount." Plaintiff, Mr. Sanchez, testified that he sustained damages in the sum of $7,913.27, as shown by exhibits for materials used to repair his property. He further testified that he was claiming the sum of $800.00 for repair work personally performed by him, plus reimbursement for meals and travel expenses incurred incident to renovating the house.

■ The claim for food and travel reimbursement under the facts adduced was not proper. The correct measure of damages in an action against an insurance agent based on a claim of failure to procure fire insurance is the amount that would have been due under the policy which should have been obtained. *Brown v. Cooley, supra; Butler v. Scott, supra.* There was no evidence that food and travel expenses were covered under the insurance sought to be obtained. The defendant, if found liable, is entitled to a deduction for the sum of any amount of standard deductible and the

amount of any unpaid premiums. *Wheaton Nat. Bank. v. Dudek,* 59 Ill.App.3d 970, 17 Ill.Dec. 487, 376 N.E.2d 633 (1978).

■ The responses given by the jurors who were questioned by the court in addition to indicating the existence of confusion concerning the award of damages also cast strong doubt as to whether the requisite number of jurors agreed on the issue of liability. Fundamental justice requires that a verdict returned by a jury be certain as to its import, and be free from ambiguity or inconsistency. *Stein v. Handy,* 212 Or. 225, 319 P.2d 935 (1957); *Lorick & Lowance v. Julius H. Walker & Co.,* 153 S.C. 309, 150 S.E. 789 (1929); *see Jones v. Pollock,* 72 N.M. 315, 383 P.2d 271 (1963).

■ Although determination of whether to poll a jury concerning its verdict is optional with each party, once it is undertaken by the court, failure to poll all twelve jurors as to their concurrence in determination of liability, or for the court to direct the jury to return to the jury room to agree upon the amount of an undetermined damage award, if any, was error. *See e.g. Stambaugh, supra; Lorick, supra.* The court undertook to poll the jury but only questioned ten of the twelve members as to whether they concurred in the rendition of the verdict or the award of a specific sum of damages. The purpose of a civil jury poll is to assure that the required ten jurors have agreed to a valid verdict. § 38–5–17, *supra;* N.M.R.Civ.P. 38(f), *supra.* However, polling of a jury is not proper to determine the amount of a damage award or for the purpose of revealing its determination of factual issues since jury verdicts are required to be written. § 38–5–17, *supra;* N.M.R.Civ.P. 38(f), *supra.*

■ Since the record fails to show affirmatively that ten or more jurors joined in the determination that the defendant was negligent and that the plaintiffs were entitled to a specific sum of damages, this cause is reversed and remanded to the trial court for a new trial consistent with this opinion.

IT IS SO ORDERED.

HENDLEY, J., concurs.

NEAL, J., concurs in result only.