This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36215**

**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, LOCAL 624,**

 Petitioner-Appellee,

v.

**CITY OF ALBUQUERQUE,**

 Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Youtz & Valdez, P.C.
Shane C. Youtz
Stephen Curtice
James Montalbano
Albuquerque, NM

for Appellee

Esteban A. Aguilar, Jr., City Attorney
Samantha M. Hults, Assistant City Attorney
Melissa M. Kountz, Assistant City Attorney
Ian G. Stoker, Assistant City Attorney
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     The City of Albuquerque (the City) appeals from the district court's order granting summary judgment in favor of the American Federation of State, County and Municipal Employees, Local 624 (the Union) as well as the district court's denial of the City's motion for reconsideration. We affirm.

**BACKGROUND**

**{2}**     This case stems from a petition to compel arbitration (Petition), filed on July 14, 2014, by the Union on behalf of four city employees seeking to enforce grievance procedures found in the expired collective bargaining agreement (the CBA) between the City and the Union.[1] The City and the Union initially entered into the CBA on July 1, 2008, and the CBA remained in effect until its expiration on June 30, 2010. Despite extensive negotiation, the parties did not ratify a successor agreement until February 21, 2015.

**{3}**     On August 23, 2011, prior to this case but after the CBA expired, the district court issued an order in a separate proceeding "granting multiple chapters of the [Union] injunctive relief . . . [requiring] the City to honor [the] expired [CBA.]" *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) v. City of Albuquerque*, 2013-NMCA-063, ¶ 1, 304 P.3d 443. This broadly applicable injunction remained in effect, including in this case, until September 9, 2014, when the district court issued an order vacating it and dissolving any relief it provided. The district court issued that order in light of *AFSCME*, 2013-NMCA-063, ¶ 1, in which in reversing the district court's 2011 order, this Court held that the Public Employee Bargaining Act's evergreen provision did not apply to extend the CBA beyond expiration. While this Court's opinion served to alert the parties and district court that the CBA was no longer in effect, for the purposes of this case we rely on the district court's order vacating injunctive relief as the definitive end to the prior injunction's enforceability.

**{4}**     During the impasse between the CBA's expiration and the ratification of a successor agreement, and the granting and vacating of the district court's injunction, the parties engaged in negotiations and disputes regarding whether the arbitration provisions contained in the expired CBA continued to apply. Ultimately, in 2014, in response to the Petition and following dissolution of the injunction, the City disputed its obligation to proceed to arbitration given the expired CBA and also argued that, in any event, the Union had failed to timely comply with the prior CBA's grievance procedure. After extensive litigation, both the City and the Union filed cross motions for summary judgment. The district court granted summary judgment in favor of the Union, finding no disputed issues of material fact as to whether an agreement existed between the parties to arbitrate personnel matters, and ordered the City to submit the remaining grievances at issue to arbitration. The City moved for reconsideration, arguing that there was no basis on which an agreement to arbitrate could exist. The district court denied the City's

---

[1]While the Petition was filed on behalf of four employees attempting to pursue arbitration, the City ultimately agreed to arbitrate two of the employees' grievances. Additionally, one of the remaining two matters was settled prior to the district court's order granting the Union's motion for summary judgment. Thus, on appeal, only one of the original four personnel grievance matters is in dispute.

motion for reconsideration, clarifying that its initial ruling was based upon stand-alone "common law contract formation principles" which it characterized as "ordinary" and arising from "undisputed evidence that [the Union] offered to continue arbitrating grievances in the manner in which they previously had been arbitrated under the expired collective bargaining agreement, and the City assented."

{5}     The City appeals, arguing (1) the district court erred in determining the City accepted an offer to arbitrate grievances during the injunction; (2) the expired CBA cannot form the basis of an agreement to arbitrate; (3) any tentative agreement reached after the CBA's expiration cannot form the basis of an agreement to arbitrate; and (4) the City's last, best offer cannot form the basis of an agreement to arbitrate. At the outset, we note the latter three of these arguments to be both far afield of the district court's order and essentially the same as those that appeared in the City's docketing statement prior to our May 3, 2017, notice of proposed summary disposition. In that notice, we proposed to affirm the district court's ruling because the City failed to "directly challenge[] the district court's finding that the undisputed facts establish a common law contractual agreement to arbitrate grievances in the same manner as previously done under the CBA[,]" and to meet its burden to demonstrate error on the part of the district court. Following our notice, the City filed a timely memorandum in opposition, after which we placed the appeal on this Court's general calendar. As we explain below, having now reviewed the parties' briefs, we conclude—as we warned the City was our initial inclination—that the City has failed to meet its burden on appeal, which is to demonstrate that the district court committed reversible error in concluding that application of common law principles revealed the occurrence of a non-written contract by which the parties agreed to continue arbitrating grievances according to the procedures contained in the expired CBA. Given our ruling in this regard, we need not address the City's latter three arguments.

## DISCUSSION

{6}     We first reiterate that this Court operates pursuant to a presumption of correctness in favor of the trial court's rulings, and it is an appellant's burden to demonstrate error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Moreover, "[w]e will not search the record for facts, arguments, and rulings in order to support generalized arguments[,]" *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104, nor will we "review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Thus, even if, as here, the underlying order appealed from only minimally states its legal reasoning and the general legal basis for its ruling, the City bears the burden to demonstrate legal error—pointing to evidence in the record proper and applicable precedent in support of its position on appeal—from

which we can conclude that the district court's ruling was erroneous and warrants reversal.

**{7}** Turning to whether the district court erroneously concluded that the City and the Union had somehow contracted to resolve employee grievances by arbitration despite the expiration of the CBA that required exactly that, we are left without a viable argument by the City on which reversal can rest. That is to say, the City's arguments on appeal continue to offer no meaningful factual or legal repudiation of the district court's conclusions regarding the formation of a contract which governed the actions of the parties and by which the City was bound and that "the Union presented undisputed evidence it offered to continue arbitrating grievances in the manner in which they previously had been arbitrated under the expired collective bargaining agreement, and the City assented." Given this, the challenged orders are subject to a presumption of correctness. *Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Aragon*, 1999-NMCA-060, ¶ 10.

**{8}** Rather than challenging application of common law principles or the formation of a contract in which a binding protocol of arbitration existed to govern disputes between the parties in the absence of the CBA, as referred to in the district court's order denying the City's motion for reconsideration, the City largely persists in its challenges to application of the expired CBA and other legal avenues which the Union argued and on which they might have prevailed but that were not incorporated into the district court's order from which the City appeals. The City's short argument that it did not accept an offer to arbitrate centers on a misplaced assertion that the district court's finding of an agreement between the City and the Union was based on the City's willingness to arbitrate employee grievances *during* the period of injunction, when, in fact, the district court's finding was that "the Union presented undisputed evidence it offered to continue arbitrating grievances *in the manner in which* they had previously been arbitrated under the expired [CBA] and the City assented." (Emphasis added.) Our review of the record indicates that the district court's finding of an agreement between the City and the Union under common law contract formation principles stems from the numerous personnel grievances the City approved to arbitrate after the injunction was vacated, a time frame in which the City nonetheless insists there was no agreement in place to arbitrate. Further, as is apparent in the record, the district court's reasoning was not based on any *single* agreement, tentative agreement, injunction, action, order, or the expired CBA. Rather, the district court based its decision on the City's continued willingness to arbitrate other personnel matters *during the same time frame* in which the City argues they were under no obligation to do so and, significantly, after the injunction was vacated by court order. While the City first argued in its notice of opposition to our proposed summary calendar disposition that "there is nowhere in the record where the district court could conclude both that the Union offered to arbitrate disputes and that the City accepted such an offer[,]" and now states "there is no possible source" of an agreement to arbitrate, our review of the record demonstrates otherwise. Specifically, on November 17, 2014—more than two months after the district court's order vacating the injunction—the City stated it had "contacted counsel for the Union [to] make arrangements to proceed to arbitration and resolve the matters involving Lawrence Garcia and Martin Obregon." Despite the lack of legal specificity within the district

court's order granting the Union's motion for summary judgment, we cannot overlook the City's failure to explain or distinguish their agreement to arbitrate the Garcia and Obregon matters after the injunction was vacated—an injunction the City consistently relies on as the reason it was previously, and erroneously, required to arbitrate matters.

**{9}** We emphasize the burden the City bore in appealing the district court's ruling: to clearly demonstrate error by the district court. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8. Here, the City has failed to address the basis of the district court's ruling in a manner that challenges the district court's conclusion based upon common law contact principles of contract formation. Instead, over the course of three pages in its brief in chief, the City supplies three generic citations regarding contract formation and a list of employee grievances it agreed to arbitrate despite what it contends is the absence of *any agreement* to arbitrate, neglecting even to cite the case relied on by the district court, *Luginbuhl v. City of Gallup*, 2013-NMCA-053, ¶ 15, 302 P.3d 751, in which this Court set forth the requirements for a legally enforceable agreement to arbitrate. Similarly, in its reply brief, the City argues that "[t]he Union bears the burden to demonstrate an agreement to arbitrate[,]" quoting *Strausberg v. Laurel Healthcare Providers, LLC*, for the principle that " 'the party seeking to compel arbitration bears the initial burden to prove that a valid contract exists.' " 2013-NMSC-032, ¶ 42, 304 P.3d 409. While *Strausberg* may have been compelling during the litigation before the district court, it is now the City's burden to prove to *this Court* that the district court's determination, despite lacking tangible legal specificity, was wrong and the City has failed to meet its burden. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Aragon*, 1999-NMCA-060, ¶ 10.

**{10}** Moreover, the City offers no explanation as to why the remaining dispute in question would not also have been arbitrated—as the Garcia and Obregon matters ultimately were—and presents no case law supporting that under these circumstances a contract cannot arise. The City simply fails to explain why the district court's determination that a contract arose from the parties' shared actions is erroneous and we will not guess as to the missing substance of the undeveloped argument. *See Muse*, 2009-NMCA-003, ¶ 72; *Headley*, 2005-NMCA-045, ¶ 15. For example, the City fails to acknowledge and distinguish its contentions from the principle that "[e]vidence of custom or course of conduct between the parties may give rise to a contract implied in fact." *Sanchez v. Martinez*, 1982-NMCA-168, ¶ 15, 99 N.M. 66, 653 P.2d 897; *see also Orion Tech. Res., LLC v. Los Alamos Nat. Sec., LLC*, 2012-NMCA-097, ¶ 10, 287 P.3d 967 (stating same). While the City does contend that their compliance with the injunction requiring the CBA to remain in effect after its expiration does not amount to an agreement to arbitrate, and that no other basis of an agreement can be found within the history of negotiations between the City and the Union, we conclude that the City's contentions fail to adequately respond to the district court's finding that, "[b]ased on undisputed evidence and the City's failure to raise a fact issue as to formation[.]" We are therefore left with the district court's contrary conclusion, which we presume to be correct. *Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Aragon*, 1999-NMCA-060, ¶ 10. Accordingly, we conclude that the City failed to demonstrate the district court erred and, further, failed to adequately address the basis of the district court's decision on appeal.

**CONCLUSION**

**{11}** For the reasons set forth above, we affirm.

**{12} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**KRISTINA BOGARDUS, Judge**